16-2884
Ou v. Sessions

BIA
Loprest, IJ
A201 128 205

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand eighteen.

PRESENT:
    BARRINGTON D. PARKER,
    RAYMOND J. LOHIER, JR.,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges.*
_____

QIJUN OU,
        *Petitioner,*

        v.                                    16-2884
                                              NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Gerald Karikari, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Carl McIntyre,
                         Assistant Director; Brooke M.
                         Maurer, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qijun Ou, a native and citizen of the People's Republic of China, seeks review of a July 29, 2016, decision of the BIA affirming an April 17, 2015, decision of an Immigration Judge ("IJ") denying Ou's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qijun Ou,* No. A 201 128 205 (B.I.A. July 29, 2016), *aff'g* No. A 201 128 205 (Immig. Ct. N.Y. C. Apr. 17, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008)(per curiam).

The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness" and any inconsistencies and omissions in his testimony,

application, and documentary evidence.  8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64, 167.  "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167; *see* 8 U.S.C. § 1252(b)(4)(B). Here, substantial evidence supports the agency's determination that Ou was not credible.

The agency reasonably relied on discrepancies regarding the length of Ou's detention and his medical treatment. 8 U.S.C. § 1158(b)(1)(B)(iii).  Ou's testimony that he was detained for three days contradicted his testimony that he was detained from December 25 until December 31 (a total of six days).  The agency was not required to accept Ou's explanation that his medical condition resolved this inconsistency given that his medical records reflected only that he was diagnosed with a respiratory infection, "fever [,] and cough," and did not mention that Ou was unconscious.  *See Xiu Xia Lin*, 534 F.3d at 166-167, 166 n.3 (noting that "an inconsistency and an omission are . . . functionally equivalent" for credibility purposes); *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible

3

explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Ou now argues that the English translations of his medical records are incomplete and unreliable. But Ou did not raise this issue before the BIA, and it is therefore unexhausted. *Foster v. U.S. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (requiring the "petitioner to raise *issues* to the BIA in order to preserve them for judicial review"). Moreover, because Ou has the burden of proof and and he introduced the medical records and translations into evidence, it was his responsibility to ensure that his own translations were accurate. *See* 8 U.S.C. § 1158(b)(1)(B)(i).

As the Government argues, Ou has waived any further review because he does not challenge any other bases for the agency's adverse credibility ruling. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). Moreover, our review of the record reveals no basis for challenging the IJ's negative demeanor finding, given the lack of detail and responsiveness in Ou's testimony. *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (granting particular deference to credibility findings based on

applicant's demeanor).

Given the multiple discrepancies, only two of which Ou challenges, as well as the negative demeanor finding, the totality of the circumstances supports the agency's ruling. *Xiu Xia Lin*, 534 F.3d at 166-67. Contrary to Ou's position, because asylum, withholding of removal, and CAT relief were all based on the same factual predicate, the adverse credibility determination is dispositive. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006); *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court